UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GERARDO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1324-TLS-JEM |

OPINION AND ORDER

Gerardo Rodriguez, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-26-3-1026) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Rodriguez's sole argument is that the administrative record contained no evidence to support the allegation in the conduct report that a correctional sergeant found a cellphone in Rodriguez's cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (cleaned up). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786

(7th Cir. 1999) ("That [disciplinary] report alone provides 'some evidence' for the CAB's decision.").

The administrative record contains a conduct report in which Sergeant Muniz represented that he conducted a search of Rodriguez's cell, CE409, and found a cellphone inside the cell wall. ECF 1-1 at 2–3. It contains a photograph of the confiscated cellphone with an evidence record form indicating that it was found in Rodriguez's cell, CE409. *Id.* at 7. It also contains a confiscation form, which indicates that the cellphone was found in "Housing Unit CE509" and that that cell belonged to Rodriguez, who is identified by last name and departmental identification number. *Id.* at 5.

The conduct report, the photograph, and the confiscation form constitute "some evidence" that Rodriguez possessed a cellphone in his cell as charged. The evidence record form and the confiscation form corroborate the conduct report, but, even if they did not, the "some evidence" standard does not require corroborating evidence. Nor does the singular reference to CE509 (rather than CE409) in the confiscation slip fatally undermine the finding that the cellphone was found in Rodriguez's cell, particularly given the likelihood that it was a clerical error. Finally, Rodriguez contends that correctional staff denied him physical evidence, but he does not describe what physical evidence he requested or how this denial relates to the issue of whether the administrative record contains sufficient evidence to support the finding of guilt. Therefore, this claim does not appear to be a basis for habeas relief.

Because the petition appears to contain no valid claims, the court is inclined to deny the habeas petition. However, in light of Rodriguez's *pro se* status, out of an abundance of caution, the court will first grant him an opportunity to respond to these concerns.

For these reasons, the court:

(1) ORDERS Gerardo Rodriguez to file a response to this Order by November 13, 2026; and

(2) CAUTIONS Gerardo Rodriguez that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on October 15, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT